Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
David E. McAllister (SBN 021551)
dmcallister@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Ocwen Loan Servicing, LLC

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>MARK WADE MCCUNE,<br><br>Debtor. | Chapter 7<br><br>Case No. 4:18-bk-00838-SHG<br><br>Adv. No. 4:19-ap-00273-SHG |
| MARK MCCUNE,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | **OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS FIRST AMENDED ADVERSARY COMPLAINT TO RELEASE LIEN ON PROPERTY** |

Pursuant to Fed. R. Civ. P., 12(b)(6), applicable in this adversary proceeding under Fed. R. Bankr. P., 702, Defendant Ocwen Loan Servicing, LLC[1], as servicer for Wells Fargo Bank, National Association, as Indenture Trustee for GMACM HOME EQUITY LOAN TRUST 2004-HE1 ("Ocwen"), respectfully moves this Court for an Order dismissing all claims asserted by Plaintiff Mark McCune ("Plaintiff") in his First Amended Adversary Complaint. As discussed more fully below, Plaintiff failed to state a claim upon which relief can be granted and accordingly, the First Amended Adversary Complaint ("FAC") should be dismissed. This motion is more fully supported by the following Memorandum of Points and

---

[1] Ocwen Loan Servicing, LLC recently merged with PHH Mortgage Corporation.

1          Case No. 4:19-ap-00273-SHG

Authorities attached hereto and incorporated by reference and the entire record in the bankruptcy and adversary proceedings.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's FAC seeks to extinguish Ocwen's lien based on his misunderstanding of Ocwen's and Wells Fargo Bank, N.A.'s ("Wells Fargo") role. However, as set forth below, GMACM HOME EQUITY LOAN TRUST 2004-HE1 (hereinafter the "Securitized Trust") is the investor holding the note and deed of trust on the property in question (collectively, the "Loan"). Wells Fargo is the indenture trustee for the Securitized Trust and Ocwen is the servicer of the Loan for the Securitized Trust. Finally, Plaintiff is not the trustor on the deed of trust in question and therefore, Wells Fargo would have no record of Plaintiff having a loan in his name.

## II. STATEMENT OF FACTS.

1. On or about May 22, 2003 Lois A. Knott, a married woman executed a home equity line of credit deed of trust ("Deed of Trust") in favor of Nova Financial & Investment Corporation concerning the property located at 2131 North Frannea Drive, Tucson, Arizona 85712 (the "Property"). *See,* Request for Judicial Notice ("RJN"), **Exhibit A**.

2. Plaintiff is not a trustor under the Deed of Trust.

3. On or about October 5, 2012, the Deed of Trust was assigned to Wells Fargo Bank, National Association, as Indenture Trustee for GMACM HOME EQUITY LOAN TRUST 2004-HE1. *See,* RJN **Exhibit B**. Ocwen was subsequently assigned as the servicing agent for the Loan and is currently in possession of the Deed of Trust.

4. Upon information and belief, Lois A. Knott subsequently passed away and Plaintiff inherited the Property.

5. No payments have been made on the Property since approximately May 31, 2013.

6. According to Ocwen's proof of Claim No. 10 filed June 4, 2018 in the underlying bankruptcy case, the total amount necessary to cure the default as of the petition

date is $134,108.28.

**III. ARGUMENT.**

    **A.** <u>**Legal Standard**</u>

Although Fed. R. Civ. P. 8(a)(2) requires only "a short and plan statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 12 applies to adversary proceedings as provided by Fed. R. Bankr. P. 7012. Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss an adversary proceeding where the complaint fails to specify a cognizable legal theory for relief or fails to allege sufficient facts under a cognizable legal theory. *See, Balistreri v. Pacifica Policy Dept.,* 901 F2.d 696, 699 (9th Cir. 1990). In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint and may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *See, Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988). Dismissal under Rule 12(b)(6) for failure to state a claim is proper where no relief could be granted under any set of facts that could be proved consistent with the allegations. *See, Cervantes v. City of San Diego,* 5 F.3d 173, 1274 (9th Cir. 1993).

When considering a 12(b)(6) motion to dismiss, federal courts must apply a two-step approach. *Amistad Christiana Church v. Life Is Beautiful, LLC,* 132 F.Supp.3d 1246, 1251 (D. Nev. 2015). "First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiffs [sic] favor . . . . Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief." *Id.* The plausibility standard requires a plaintiff plead facts sufficient to demonstrate there is more than a mere *possibility* that a cause of action exists." *See, Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554 (2007)(describing a claim as insufficient when allegations "stop[] short of the line between possibility and plausibility" of entitlement to relief.)

    **B.** <u>**Ocwen has a Valid Lien on the Property.**</u>

Plaintiff's FAC seeks to have the Deed of Trust declared void on the grounds that two unsubstantiated letters, allegedly from Wells Fargo, prove that Wells Fargo and Ocwen do

3     Case No. 4:19-ap-00273-SHG
**MOTION TO DISMISS COMPLAINT**
Case 4:19-ap-00273-SHG   Doc 9   Filed 08/30/19   Entered 08/30/19 16:32:13   Desc
Main Document     Page 3 of 5

not have a valid lien.  However, aside from being unsupported hearsay, the two letters have nothing to do with the Deed of Trust executed by Lois A. Knott.  Exhibit A to the FAC is a letter addressed to a Mark Stevens and not the Plaintiff.  The letter attached as Exhibit B to the FAC states that <u>Plaintiff</u> does not have an existing mortgage with Wells Fargo concerning the Property, which would be true because Lois A. Knott is the trustor of the Deed of Trust and not the Plaintiff.  Furthermore, Wells Fargo is the indenture trustee for the Securitized Trust and not the investor and therefore would not have a record of having a mortgage account for the Property.  Plaintiff also references an Exhibit 3 authored by a "Kimberley Brown", however that exhibit was not attached to the FAC.

The balance of the FAC does not set forth any allegations concerning the Deed of Trust and instead is nothing more than unfounded claims of alleged wrongdoing by Ocwen that do not concern the Loan or the Property. Finally, Western Progressive is not a sister company to Ocwen but a foreclosure trustee.  Accordingly, Plaintiff's FAC fails to state a claim for relief and should be dismissed without leave to amend as any amendment would be futile.

**IV.  CONCLUSION.**

For the reasons set forth above, Ocwen's Motion to Dismiss should be granted based on Plaintiff's failure to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 30th day of August, 2019.

**ALDRIDGE PITE LLP**

By: /s/ *Janet M. Spears* (SBN 023833)
JANET M. SPEARS
Attorneys for Defendant Ocwen Loan Servicing, LLC

| | |
|---|---|
| 1 | **COPY** of the foregoing served via U.S. mail, first class, postage prepaid, this 30th day of August, 2019, upon: |
| 2 | |
| 3 | Mark Wade Mccune |
| 4 | 2131 N. Frannea<br>Tucson, AZ 85712 |
| 5 | *Plaintiff*<br>(Via U.S. Mail) |
| 6 | |
| 7 | Honorable Scott H. Gan<br>United States Bankruptcy Court<br>38 South Scott Avenue |
| 8 | 2nd Floor, Room 204<br>Tucson, AZ 85701 |
| 9 | (Via U.S. Mail) |
| 10 | /s/ *Meliza Hernandez* |